**Leon R. KOZIOL, Plaintiff-Appellee,**

v.

**Utica Mayor Edward A. HANNA, Defendant–Appellant,**

and

**The City of Utica, New York, Defendant.**

**No. 00–9109.**

United States Court of Appeals, Second Circuit.

May 31, 2001.

John W. Dillon, Esq., Corporation Counsel for the City of Utica, Utica, NY, for appellant.

Leon R. Koziol, Esq., Utica, NY, for appellee.

Present JOHN M. WALKER, JR., Chief Judge, OAKES and POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Edward A. Hanna, the mayor of Utica, NY, appeals from an August 1, 2000, order of the district court denying him qualified immunity from plaintiff-appellee Leon Koziol's 42 U.S.C. § 1983 suit for money damages, which alleges free speech retaliation in violation of the First Amendment. Hanna argues that the district court erred in denying him qualified immunity because, he contends, at the time of Koziol's alleged retaliatory dismissal it was not "clearly established" that government employees holding policy-making positions were entitled to free speech protection from employment retaliation. *See Kaluczky v. City of White Plains,* 57 F.3d 202, 210 (2d Cir.1995).

In January 1997, Koziol—in his capacity as corporation counsel for Utica—issued a public report on his investigation of a fire that had recently occurred in Utica and that had injured several Utica fireman. According to Koziol, the circumstances of his issuance of the report violated a "gag order" Hanna had instituted in September 1996, which precluded city employees from discussing "newsworthy" events with certain members of the press. Koziol contends that, as a result, Hanna retaliated against him by, among other things, making his position full-time so that he would be unable both to continue in it and to continue his private law practice, and giving him negative performance ratings. Koziol asserts that, due to these alleged retaliatory acts, he was forced to resign as corporate counsel in February 1997.

For substantially the reasons set forth in the district court's opinion, *see Koziol v. Hanna,* 107 F.Supp.2d 170, 182 (N.D.N.Y. 2000), the order denying qualified immunity is hereby AFFIRMED.